**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

KIMBERLY DIONNE BYRD,
SHERLY JOSIE PERERA,

        Plaintiffs,

v.

ASP MARKETING GROUP LLC,
MED-CONNECT USA LLC, PATSY TRUGLIA,
LATRICIA MORGAN, MARY TRUGLIA,
EILEEN TRUGLIA, ANTHONY TRUGLIA,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, KIMBERLY DIONNE BYRD and SHERLY JOSIE PERERA bring this action against Defendants, ASP MARKETING GROUP LLC, MED-CONNECT USA LLC, PATSY TRUGLIA, LATRICIA MORGAN, MARY TRUGLIA, EILEEN TRUGLIA, and ANTHONY TRUGLIA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      At all times material hereto, Plaintiffs KIMBERLY DIONNE BYRD and SHERLY JOSIE PERERA were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.      At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to telephone

communication with customers in California, South Carolina, North Carolina, Texas, Arkansas, and New York.

4.     At all times material hereto, Defendant, ASP MARKETING GROUP LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telemarketing of medicare equipment, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.     At all times material hereto, Defendant, MED-CONNECT USA LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telemarketing of medicare equipment, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.     Med-Connect USA LLC is the successor entity to Global American Solutions - USA, LLC; Med-Connect USA LLC and its owners had notice of Global American Solutions - USA, LLC's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between Global American Solutions - USA, LLC and Med-Connect USA LLC; Med-Connect USA LLC operates at the same location as did Global American Solutions - USA, LLC; Med-Connect USA LLC uses the same or substantially the same work force as did Global American Solutions - USA, LLC; Med-Connect USA LLC uses the same or substantially the same supervisory personnel as Global American Solutions - USA, LLC; Med-Connect USA LLC employs the same jobs under substantially the same working conditions as did Global American Solutions - USA, LLC; Med-Connect USA LLCuses the same machinery, equipment, and methods of production as did Global American Solutions - USA, LLC; Med-Connect USA

LLC produces the same products as did Global American Solutions - USA, LLC; Med-Connect USA LLC has expressly and/or impliedly assumed Global American Solutions - USA, LLC's liabilities; Med-Connect USA LLC is a mere continuation of Global American Solutions - USA, LLC; and the change in entity from Global American Solutions - USA, LLC to Med-Connect USA LLC occurred for the purpose of Defendants to escape liability imposed by the FLSA.

7.      Defendants, ASP Marketing Group LLC and Global One Medical Solutions LLC, Med-Connect USA LLC, and Global American Solutions - USA, LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8.      Defendants, ASP MARKETING GROUP LLC and MED-CONNECT USA LLC, were joint employers of Plaintiffs, under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

9.      Defendant, PATSY TRUGLIA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC. Accordingly, PATSY TRUGLIA was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

10.     Defendant, LATRICIA MORGAN, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC. Accordingly,

LATRICIA MORGAN was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11.     Defendant, MARY TRUGLIA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC. Accordingly, MARY TRUGLIA was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

12.     Defendant, EILEEN TRUGLIA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC. Accordingly, EILEEN TRUGLIA was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

13.     Defendant, ANTHONY TRUGLIA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of ASP MARKETING GROUP LLC AND MED-CONNECT USA LLC. Accordingly, ANTHONY TRUGLIA was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

14.     Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

15.     Plaintiff KIMBERLY DIONNE BYRD worked for Defendants as a telemarketer.

16.     Plaintiff SHERLY JOSIE PERERA worked for Defendants as a telemarketer.

17.     Defendants failed to pay Plaintiff KIMBERLY DIONNE BYRD's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

18.     Defendants failed to pay Plaintiff SHERLY JOSIE PERERA's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

19.     Attached as Exhibit A and Exhibit B are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

20.     Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

21.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

22.     Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

23.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

24.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

25.     Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____

Elliot Kozolchyk, Esq.
Bar No.: 74791

13